IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODERICK T. ALLEN, # N-94327,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**C/O HANKS,** )<br>)<br>**Defendant.** ) | Case No. 15-cv-863-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Roderick T. Allen, an inmate in Menard Correctional Center ("Menard"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Hanks intends to inflict great bodily harm (or death) on him either directly or by instigating other inmates to do so. (Doc. 1). Plaintiff has also filed a motion for leave to proceed *in forma pauperis* in this case without prepayment of the Court's usual $350.00 filing fee in a civil case. (Doc. 2). *See* 28 U.S.C. § 1914(a).[1] Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. For the following reasons, Plaintiff's motion for leave to proceed *in forma pauperis* is **DENIED**.

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form, but he is nonetheless barred by 28 U.S.C. § 1915(g). According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). On these grounds, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) must be denied.

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses that Plaintiff has already filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim: *See Allen v. Chapman*, Case No. 11-cv-1130-MJR (S.D. Ill., dismissed Aug. 29, 2012); *Allen v. Godinez*, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012); *Allen v. Harrington*, Case No. 13-cv-725-GPM (S.D. Ill., dismissed Aug. 22, 2013); *Allen v. Bower*, Case No. 13-cv-931-MJR (S.D. Ill., dismissed Mar. 17, 2013); and *Allen v. Chapman*, Case No. 14-cv-348-JPG (S.D. Ill., dismissed June 24, 2014).[2]

---

[2] In fact, Plaintiff has filed so many frivolous cases in this District that he has been banned from filing any new civil actions in this District until such time as his outstanding filing fees of $6,625.00 have been paid in full. *See Allen v.*

As such, 28 U.S.C. § 1915(g) bars Plaintiff from proceeding IFP unless he is "under imminent danger of serious physical injury."

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff's fear of Defendant Hanks has been the subject of at least two lawsuits in the past year, which have been dismissed based on Plaintiff's failure to provide credible support of his claim that Defendant Hanks intends to cause him serious harm. *See Allen v. Hanks*, Case No. 14-cv-591-JPG (S.D. Ill., order entered denying IFP on February 11, 2015); *Allen v. Hanks*, Case No. 14-cv-883-JPG (S.D. Ill., order entered denying IFP on November 3, 2014). In fact, following an evidentiary hearing in *Allen v. Hanks*, Case No. 14-cv-591-JPG, the Court adopted in full the magistrate judge's Report and Recommendation (Doc. 62), which found, "Allen provides no evidence that Hanks presents any threat." *Id*. at 2.

---

*Unknown Party*, Case No. 15-cv-587-MJR (S.D. Ill., dismissed August 18, 2015) at Doc. 15 (noting "Plaintiff Roderick Allen, an inmate at Menard Correctional Center ("Menard"), has indulged in a four-year filing spree in this District. During this time, he has filed nineteen civil rights actions or appeals pursuant to 42 U.S.C. § 1983 against various state officials. Most of these actions have been dismissed because they were frivolous or failed to state a claim for relief. In the process, Plaintiff has racked up $6,625.00 in filing fees. He has paid none of these fees to date.") *Id*. at 1. The present action was filed on August 5, 2015, prior to the Court's Order imposing the filing ban.

Likewise, the present complaint is devoid of allegations that might lead the Court to conclude that Plaintiff is in imminent danger of serious physical injury. Plaintiff claims that on July 20, 2015, he was escorted out of his cell and taken to the Bureau of Identification to obtain a new identification card. (Doc. 1, at 4). After obtaining the card, Plaintiff refused to return to his cell. *Id*. Plaintiff alleges that Defendant Hanks and another unidentified officer then carried Plaintiff face down back to his cell. *Id*. In the course of carrying him, Plaintiff claims that Defendant Hanks held onto Plaintiff's t-shirt and jumper in a manner that caused Plaintiff to choke and suffer a "rub-burn" on his neck. *Id*. at 4, 5, and 21. Once Plaintiff was returned to his cell, a certified medical technician came to check on Plaintiff. The technician observed the injury to Plaintiff's neck. *Id*. at 5. Over the next several days, Plaintiff was also seen by a counselor, a mental health worker, and the assistant warden. *Id*. at 5-6. Plaintiff offers no evidence that any of these correctional workers expressed any concern that Plaintiff had suffered a serious physical injury or was at risk of suffering such an injury at the hands of Defendant Hanks.

Moreover, Plaintiff's contemporaneous written description of the incident belies his assertion that he felt he was in imminent danger of serious physical injury. On the same day as the incident in question, Plaintiff wrote a letter to the Warden and a mental health counselor that is very telling. *Id*. at 21. Plaintiff begins the letter with a list of requests to the administration, including, but not limited to: reinstatement of one-man celling; two regular soft-trays at each meal; effective antibiotic treatment for a dental infection; and replacement exercise shoes. *Id*. Plaintiff concludes the letter with the following statement: "In addition to those matters, on Monday July 20, 2015, I was inflected [sic] with a rub-burn (to my neck) and several skin scrapes. Those injuries occurred after I refused to accept current housing, and was transported

back to the cell. Confirmation of those injuries is requested." *Id*. Nothing in this letter suggests that Plaintiff believed he was in imminent danger of serious physical harm. Even Plaintiff's declaration regarding the incident fails to suggest that Defendant Hanks poses a present and serious threat to Plaintiff's safety. *See id.* at 12. As such, Plaintiff's claims do not meet the exception to the three strikes rule.

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g). Thus, he cannot proceed *in forma pauperis* in this case. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* in this case (Doc. 2) is **DENIED**. It is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order. If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Plaintiff is **ADVISED** that his obligation to pay the $400.00 filing fee for this action was incurred at the time the action was filed. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: September 28, 2015**

s/ STACI M. YANDLE
United States District Judge
