**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RODERICK T. ALLEN, # N-94327,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-863-SMY** |
| | ) | |
| **C/O HANKS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

On September 18, 2015, the Court entered an Order (Doc. 6) denying Plaintiff's motion to proceed *in forma pauperis* ("IFP") (Doc. 2) in this action. According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court determined that Plaintiff had, in fact, on at least three prior occasions brought a civil rights case that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. After carefully reviewing Plaintiff's complaint, the Court also determined that Plaintiff was not under imminent danger of serious physical injury. (Doc. 6, p. 4). As such, in accordance with 28 U.S.C. § 1915(g), Plaintiff was ordered to pay the $400.00 filing fee for this case no later than October 19, 2015. *Id.* at 5. Plaintiff was clearly warned in that Order that failure to pay the filing fee would result in dismissal of this case. *Id.*

The date to pay the filing fee has passed, and Plaintiff has failed to pay. Plaintiff filed a

motion requesting an extension of time to pay the filing fee (Doc. 9), but he offered no explanation as to why an extension is necessary.  It is within the Court's discretion to grant or deny such requests.  Without even an attempt to show good cause why an extension is necessary, the Court is not inclined to grant such a request.  Moreover, the Court is aware that the claims Plaintiff raises are related to events that occurred in July 2015; therefore, Plaintiff does not face any imminent statute of limitations deadline.  As such, Plaintiff's motion for an extension of time to pay the filing fee (Doc. 9) is **DENIED**.

Consequently, this action is **DISMISSED** without prejudice, for failure to comply with an Order of this Court.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).  Accordingly, the Clerk of Court shall **TERMINATE** all pending motions (Docs. 3, 7, and 8) and administratively **CLOSE** this case.

On the same day that Plaintiff filed the motion requesting an extension of time to submit the filing fee, Plaintiff's notice of appeal was docketed.  *See* Doc. 10.  Plaintiff has not yet filed a motion to proceed IFP on this appeal; however, the Court notes that Plaintiff is seeking to appeal this Court's order denying him IFP.  *Id.*  This is a non-final order.  A litigant may appeal from a *final decision* of a district court.  28 U.S.C. § 1291.  "The judgment of a district court is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *In re Joint Eastern & Southern Districts Asbestos Litigation*, 22 F.3d 755, 759-60 (7th Cir. 1994) (citing *Catlin v. United States,* 324 U.S. 229, 233 (1945)).

Clearly, this definition does not apply to the previously issued order (Doc. 6).  Plaintiff is seeking to appeal an issue which is not appealable on an interlocutory basis without certification from this Court pursuant to 28 U.S.C. § 1292(b) that the issue to be appealed is a controlling

question of law, is contestable and promises to speed up the litigation.  *See Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000).  The Court has not made such a certification, and it would not do so.  Plaintiff has incurred three strikes and the statute clearly provides that he may not proceed IFP unless he is in imminent danger.  Plaintiff's complaint fails to demonstrate that Plaintiff is any danger of serious physical harm.  Plaintiff has not yet filed a motion to proceed IFP on appeal, but he has filed a motion requesting an extension of time to file for permission to appeal IFP. (Doc. 14).[1]  An extension of time is unnecessary because, for the reasons discussed above, even if Plaintiff were to file a motion seeking to proceed IFP on the pending appeal, the Court would deny such a motion.  Accordingly, Plaintiff's motion for an extension of time (Doc. 14) is **DENIED**.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time this action was filed, thus the filing fee of $400.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  The agency having custody of the Plaintiff is directed to remit the $400.00 filing fee from his prison trust fund account if such funds are available.  If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher.

Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account (including all deposits to the inmate account from any source) until the $400.00 filing fee is paid in full.  The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of

---

[1] Plaintiff also filed a motion (Doc. 15) requesting that this Court email the Court of Appeals for the Seventh Circuit two motions: a motion requesting an extension of time to file for IFP on appeal and a motion for recruitment of counsel.  In support of this motion, Plaintiff contends that Menard Correctional Center is refusing to provide envelopes and vouchers for postage payment authorization.  This is an issue Plaintiff must take up with officials at Menard.  As such, Plaintiff's motion (Doc. 15) is **DENIED**.

this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid.  In addition, Plaintiff shall note that the filing fees for multiple cases cumulate. *See Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), *overruled in part on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).   A prisoner who files one suit must remit 20% of his monthly income to the Clerk of the Court until his fees have been paid; a prisoner who files a second suit or an appeal must remit 40%; and so on. *Newlin*, 123 F.3d at 436. "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid." *Id.*  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.   The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Menard Correctional Center upon entry of this Order.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).   Because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.   Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."   A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: January 4, 2016**

<u>s/ STACI M. YANDLE</u>
United States District Judge